UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REMY CASTILLO, LAZARO TAJMAN,
and ALDO SALAZAR,

                           Petitioners,

         -v-

UNITED STATES OF AMERICA,

                           Respondent.
------------------------------------------------------------X

**DECISION & ORDER**

16 Cv 5034 (RMB)
16 Cv 5231 (RMB)
20 Cv 268 (RMB)

Before the Court are five 28 U.S.C. § 2255 applications filed pro se by Remy Castillo (16 Cv 5231), Lazaro Tajman (16 Cv 5034), and Aldo Salazar (20 Cv 268) ("Petitioners") to vacate their respective convictions by guilty plea for aiding and abetting the use or carrying of a firearm in relation to a crime of violence or drug trafficking crime under 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.[1] **As set forth below, each of the applications is respectfully denied.**[2] [3]

**Castillo**

With respect to Remy Castillo ("Castillo"), the Court has carefully reviewed the record in these proceedings, including: (i) Castillo's pro se motion under 28 U.S.C. § 2255, filed on June 29, 2016, to vacate his September 18, 2014 § 924(c) conviction based on United States v. Johnson, 135 S. Ct. 2551 (2015); (ii) Castillo's pro se motion under 28 U.S.C. § 2255, filed on April 30, 2018, to vacate his September 18, 2014 § 924(c) conviction based on Sessions v. Dimaya, 138 S. Ct. 1204 (2018); (iii) the Government's opposition letter; (iv) the Indictment,

---

[1] All three Petitioners were charged as co-defendants under 13 Cr 531.

[2] Any arguments or issues raised by the parties but not specifically addressed herein have been considered by the Court and rejected.

[3] The Government filed a single opposition letter, dated October 24, 2018, responding to all five petitions ("Gov. Letter").

1

dated July 18, 2013, charging Castillo with the following three counts: (1) conspiracy to distribute narcotics, pursuant to 21 U.S.C. § 846; (2) conspiracy to commit robbery that would obstruct, delay and affect commerce (also known as a Hobbs Act robbery conspiracy) pursuant to 18 U.S.C. § 1951; and (3) aiding and abetting the use, carrying, or possession of a firearm during the drug trafficking crime charged in Count One and the crime of violence charged in Count Two, pursuant to 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; (v) Castillo's Plea Agreement, dated February 6, 2014 ("Castillo Plea Agreement"), in which Castillo agreed to plead guilty to Count Two, namely, conspiracy to commit Hobbs Act robbery, and Count Three, namely, possession of a firearm during and in relation to the drug trafficking conspiracy charged in Count One of the Indictment **and** the Hobbs Act robbery conspiracy charged in Count Two of the Indictment; (vi) Castillo's plea allocution, dated February 11, 2014 ("Castillo Plea Allocution"); and (vii) Castillo's Judgment of Conviction, dated September 18, 2014, sentencing him to 25 months of incarceration on Count Two followed consecutively by 60 months incarceration on Count Three.[4]

**Tajman**

With respect to Lazaro Tajman ("Tajman"), the Court has carefully reviewed the record in these proceedings, including: (i) Tajman's pro se motion under 28 U.S.C. § 2255, filed on June 23, 2016, to vacate his June 23, 2015 § 924(c) conviction based on United States v. Johnson, 135 S. Ct. 2551 (2015); (ii) Tajman's pro se motion under 28 U.S.C. § 2255, filed on April 24, 2018, to vacate his June 23, 2015 § 924(c) conviction based on Sessions v. Dimaya, 138 S. Ct. 1204 (2018); (iii) the Government's opposition letter; (iv) the Indictment, dated July 18, 2013, charging Tajman with the following three counts: (1) conspiracy to distribute narcotics,

---

[4] Castillo was released from incarceration on August 9, 2019. He is currently in a five-year term of supervised release.

pursuant to 21 U.S.C. § 846; (2) conspiracy to commit robbery that would obstruct, delay and affect commerce (also known as a Hobbs Act robbery conspiracy) pursuant to 18 U.S.C. § 1951; and (3) aiding and abetting the use, carrying, or possession of a firearm during the drug trafficking crime charged in Count One and the crime of violence charged in Count Two, pursuant to 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; (v) Tajman's Plea Agreement, dated December 26, 2013 ("Tajman Plea Agreement"), in which Tajman agreed to plead guilty to Count Two, namely, conspiring to commit Hobbs Act robbery, and Count Three, namely, possession of a firearm during and in relation to the drug trafficking conspiracy charged in Count One of the Indictment **and** the Hobbs Act robbery conspiracy charged in Count Two of the Indictment; (vi) Tajman's plea allocution, dated February 24, 2014 ("Tajman Plea Allocution"); and (vii) Tajman's Judgment of Conviction, dated June 23, 2015, sentencing him to 30 months incarceration on Count Two followed consecutively by 60 months incarceration on Count Three.[5]

**Salazar**

With respect to Aldo Salazar ("Salazar"), the Court has carefully reviewed the record in these proceedings, including: (i) Salazar's pro se motion under 28 U.S.C. § 2255, filed on April 30, 2018, to vacate his September 11, 2014 § 924(c) conviction based on Sessions v. Dimaya, 138 S. Ct. 1204 (2018); (ii) the Government's opposition letter; (iii) the Indictment, dated July 18, 2013, charging Salazar with the following three counts: (1) conspiracy to distribute narcotics, pursuant to 21 U.S.C. § 846; (2) conspiracy to commit robbery that would obstruct, delay and affect commerce (also known as a Hobbs Act robbery conspiracy) pursuant to 18 U.S.C. § 1951; and (3) aiding and abetting the use, carrying, or possession of a firearm during the drug

---

[5] Tajman was released from incarceration on November 22, 2019. He is currently in a five-year term of supervised release.

trafficking crime charged in Count One and the crime of violence charged in Count Two, pursuant to 18 U.S.C. §§ 924(c)(1)(A)(i) and 2; (iv) Salazar's Plea Agreement, dated November 26, 2013 ("Salazar Plea Agreement"), in which Salazar agreed to plead guilty to Count Three, namely, possession of a firearm during and in relation to the drug trafficking conspiracy charged in Count One of the Indictment **and** the Hobbs Act robbery conspiracy charged in Count Two of the Indictment; (v) Salazar's plea allocution, dated December 26, 2013 ("Salazar Plea Allocution"); and (vi) Salazar's Judgment of Conviction, dated September 11, 2014, sentencing him to 60 months incarceration on Count Three.[6]

**Legal Standard**

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016). "[I]n some circumstances that implicate a defendant's constitutional rights, a waiver of the right to appeal [or collaterally attack a conviction] may be invalid and should not be enforced." United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000).

The submissions of a pro se litigant are to be construed liberally and interpreted to raise the strongest arguments that they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

Collateral relief under 28 U.S.C. § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

---

[6] Salazar was released from incarceration on September 12, 2017. He is currently in a five-year term of supervised release.

After United States v. Davis, conspiracy to commit Hobbs Act robbery is no longer considered to be a crime of violence or a valid "predicate" for a 18 U.S.C. § 924(c) conviction. See United States v. Barrett, 937 F.3d 126, 127 (2d Cir. 2019). **At the same time, "[w]hen a § 924(c) conviction rests upon both a conspiracy to commit Hobbs Act robbery and a separate valid § 924(c) predicate offense, the conviction remains valid, even after Davis and Barrett."** Simmons v. United States, No. 08-cr-1133 (AKH), 2019 WL 6051443, at *2 (S.D.N.Y. Nov. 15,2019) (emphasis added); see also United States v. Walker, No. 18-2064-cr, 2019 WL 4896839, at *2 (2d Cir. Oct. 4, 2019) (rejecting a challenge to a § 924(c) conviction predicated on Hobbs Act robbery conspiracy because the § 924(c) conviction was also predicated on another predicate offense); Harris v. United States, No. 15 CR. 445 (PAE), 2019 WL 5887386, at *1 (S.D.N.Y. Nov. 12, 2019) ("§ 924(c) applies to firearms possession in connection with either a 'crime of violence' or a 'drug trafficking crime,'" and "[t]he latter means of violating § 924(c) is unaffected by Davis, which limits only the scope of . . . 'crime of violence.'").

**Analysis**

The Government argues that all three of the Petitioners pled guilty pursuant to plea agreements that contained a collateral attack waiver and "[a]ccordingly, their respective challenges to their Section 924(c) convictions are barred." See Gov. Letter at 6 ("It is agreed . . . that the defendant will not . . . bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241."); see also Castillo Plea Agreement at 6; Tajman Plea Agreement at 5; Salazar Plea Agreement at 3. Such waiver language would seem to cover the collateral attacks Petitioners seek to make. See United States v. Lewis, 735 F. App'x 28, 29 (2d Cir. 2018).

5

But, more importantly, even if the waivers did not bar Petitioners from challenging their § 924(c) convictions, their motions would fail because the record, including "the defendants' plea agreements, and their allocutions made clear that the defendants were pleading guilty to the Section 924(c) count (Count Three) **both** in relation to the drug trafficking conspiracy charged in Count One **and** in relation to the Hobbs Act conspiracy charged in Count Two" of the Indictment. See Gov. Letter at 5 (emphasis in original). Following a review of the record, including the Indictment and each Petitioner's Plea Agreement, plea allocution, and Judgment of Conviction, the Court concludes that all three Petitioners were convicted of a § 924(c) offense for use and carrying of a firearm in relation to the drug trafficking offense charged in Count One.

All three Plea Agreements confirm that, in fact, the Petitioners pled guilty to "possession of a firearm during and in relation to the drug trafficking conspiracy charged in Count One of the Indictment **and** the Hobbs Act robbery conspiracy charged in Count Two of the Indictment." See Castillo Plea Agreement at 1; Tajman Plea Agreement at 1; Salazar Plea Agreement at 1 (emphasis added). And, during each Petitioner's plea allocution it was made clear that Petitioners were pleading guilty to Count Three predicated upon both the drug trafficking offense charged in Count One and the Hobbs Act robbery conspiracy charged in Count Two. See Castillo Plea Allocution Tr. at 11–12 ("THE COURT: "And then Count Three . . . it says . . . Mr. Castillo, during and in relation to a -- it describes two other events: One is . . . a drug trafficking crime for which he could be prosecuted separately. That's the one that's described in Count One of the indictment."); Tajman Plea Allocution Tr. at 10–11 ("THE COURT: Count Three says that . . . Mr. Tajman and others, during and in relation to a drug trafficking offense, of which they could be prosecuted in court -- namely Count One is referred to . . . knowingly did use and carry a firearm and/or did aid and abet in the use for carrying or possession of a firearm. . . . DEFENSE

COUNSEL: There is no problem with th[at] summary."); and Salazar Plea Allocution Tr. at 5 ("THE COURT: [T]he charge in Count Three is that . . . in relation to a drug trafficking crime that you used or carried a firearm or in furtherance of the crime possessed a firearm or aided and abetted the use, carrying, possession of a firearm. . . . Sir, do you understand this charge? SALAZAR: Yes, your honor.").

Finally, each Petitioner's criminal Judgment of Conviction confirms that each Defendant was convicted of possession of a firearm during and in relation to a drug trafficking offense. See Castillo Judgment of Conviction, at 1 ("possession of a firearm during and in relation to a drug trafficking offense . . . ."); Tajman Judgment of Conviction, at 1 ("possession of a firearm during and in relation to a drug trafficking offense"); Salazar Judgment of Conviction, at 1 ("possession of a firearm during and in relation to a drug trafficking offense . . . .").

In sum, the fact that a Hobbs Act robbery conspiracy does not qualify as a crime of violence and can no longer serve as a predicate for a § 924(c) conviction under Davis and Barrett does not support vacatur of any of the Petitioners' § 924(c) convictions because those convictions were predicated also on a drug trafficking offense which remains a valid predicate after Davis. See Harris, 2019 WL 5887386, at *1; Simmons, 2019 WL 6051443, at *2.

**Certificate of Appealability**

The Court declines to grant Petitioners' certificates of appealability as they have not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**Conclusion and Order**

For the reasons stated herein, the Petitioners' motions (#1 and #10 in 16 Cv 5034; #1 in 16 Cv 5231; and #1 in 20 Cv 268) are denied. The Clerk is also directed to close docket entries #116, #119, #124, #133 and #153 in 13 Cr 531.

Dated: New York, New York
January 13, 2020

_Richard M. Berman_
**RICHARD M. BERMAN, U.S.D.J.**